# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DARREN DETERICH ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12CV1359 CEJ |
| | ) | |
| GENE STUBBLEFIELD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Darren Robinson (registration no. 167495), an inmate at Southeast Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $11.08. See 28 U.S.C. § 1915(b)(1). Additionally, the Court will order the Clerk to issue process on the complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average

monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $55.42, and an average monthly balance of $6.26. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $11.08, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the

named defendants and not for the purpose of vindicating a cognizable right.  Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).  A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983.  Named as defendants are Gene Stubblefield (City of St. Louis Commissioner), the Corizon Medical Group, Charles Bryson (City of St. Louis Public Safety Director), James W. Murphy (City of St. Louis Sheriff), Unknown Singer (Physician, Corizon), Unknown Revodo (Nurse, Corizon), Unknown Hensen (same), and Unknown Otheia (same).  The Court accepts the non-conclusory allegations in the complaint as true, which it must.

Plaintiff was transferred to the St. Louis City Justice Center ("SLCJC") on January 12, 2011. On August 25, 2011, plaintiff was assaulted by two inmates, who kicked plaintiff in the head and stabbed him several times in the neck and torso.

Plaintiff was taken to the medical unit, where Singer was the physician on duty.  Singer did not examine plaintiff, however, but instructed the nurse to put bandages on plaintiff's wounds.  Defendant Singer left for the day just a few minutes later.

Approximately forty-five minutes after Singer left, plaintiff began to feel pain in his chest when coughing or breathing deeply.  Plaintiff informed the nurse of his condition, and plaintiff was quickly taken to Barnes-Jewish Hospital in an ambulance.

At the hospital, plaintiff was thoroughly assessed.  The wound on his stomach was packed with gauze, and the wound on his neck was cleaned and bandaged.  The following morning, plaintiff was returned to SLCJC and placed in administrative segregation.

The physician at Barnes-Jewish released plaintiff with instructions that his wounds be "cleaned daily with fresh gauze packings and bandages."  The instructions also stated that plaintiff's blood pressure had been elevated during his emergency treatment and that it should be monitored by prison staff.

On August 26, 2011, plaintiff did not receive any medical treatment for his injuries, nor was his blood pressure monitored.  On August 27, 2011, plaintiff told defendant Revodo about his condition, and Revodo told plaintiff that he did not know anything about plaintiff's condition and that he had not read plaintiff's medical file.  Plaintiff told Revodo that he had chest pain, but Revodo did not examine him, treat him, or take his blood pressure.  On August 28, 2011, Revodo still had not read plaintiff's medical file.  Revodo examined plaintiff in his cell and removed the bandages and gauze.  Revodo did not have adequate supplies to repack plaintiff's

wounds, but he refused to take plaintiff to the medical unit. Revodo ultimately left plaintiff's wounds open and uncovered.

On August 30, 2011, defendant Hensen took the gauze packing out of plaintiff's stomach wound. Hensen then covered the wound with a bandage. Hensen told plaintiff that Singer had instructed her to just put a bandage on it, rather than repacking the wound with gauze. Plaintiff also complained to Hensen that a "knot" had appeared on his neck wound. Hensen did not examine the wound; instead she told plaintiff he needed to file a medical service request form.

Plaintiff collapsed later that day with chest pain and difficulty breathing. Plaintiff was taken to the medical unit, where it was discovered that his blood pressure was 181/110.

On September 2, 2011, defendant Otheia saw plaintiff during her morning rounds. Plaintiff told her that he was coughing up blood. Otheia did not examine plaintiff; instead she asked plaintiff what he wanted her to do about it. Plaintiff also asked Otheia to take his blood pressure, which she did not do.

Eight days after plaintiff was beaten and stabbed, the inmates who assaulted plaintiff were released back into the general population without being seen or reviewed by the Administrative Segregation Review Board and without being disciplined. Three weeks before assaulting plaintiff, one of these inmates had assaulted another pretrial

detainee by striking him on the head with an "iron metal piece from one of the cell door locking devices."

On September 10, 2011, plaintiff was assaulted by two inmates who were affiliated with the inmates who had previously attacked him.

Plaintiff maintains that defendant Stubblefield is the individual charged with running SLCJC.  According to plaintiff, SLCJC is overcrowded.  Plaintiff says that it was common practice to put two inmates in cells that are designed for one inmate, and that it was also common practice to place three inmates in cells designed for two. Plaintiff alleges that Stubblefield failed to ensure that the cell locks operated correctly, and as a result, inmates were able to get into other inmates' cells inappropriately or to exit their cells inappropriately.

Plaintiff says that from 2006 through 2011 it was common knowledge amongst inmates and staff that cell doors could be easily picked and that knives were being made from degraded light fixtures found in "broken cells."

Plaintiff asserts that Stubblefield was aware of these problems, and that he was aware that inmates were being stabbed and assaulted as a result of these conditions, but that he failed to do anything about it, creating a pervasive risk of harm to plaintiff and other inmates.  Plaintiff further alleges that Stubblefield's policies, which included not disciplining violent inmates, led to the atmosphere of violence within the institution.

Plaintiff says that defendant Bryson is the official responsible for inspecting SLCJC and issuing citations for maintenance violations, such as the broken light fixtures, the broken cell doors, and fire hazards. Plaintiff maintains that Bryson failed to properly perform his duties for several years, which allowed the violence at SLCJC to continue.

Plaintiff alleges that defendant Murphy is responsible for the safety and well being of the inmates at SLCJC. Plaintiff asserts that Murphy failed in his job in that he failed to protect plaintiff from violence.

Plaintiff avers that defendant Corizon failed to properly train its staff, which resulted in the failure of the medical defendants to treat him.

## Discussion

The complaint states a plausible claim for relief as to each defendant under 42 U.S.C. § 1983. As a result, the Court will order the Clerk to serve process on defendants.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $11.08 within thirty (30) days of the date of this Order. Plaintiff is instructed to make

his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint.[1]

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

Dated this 23rd day of August, 2012.

_____
CAROL E. JACKSON

---

[1]Stubblefield, Bryson, and Murphy are officials of the City of St. Louis. Singer, Revodo, Hensen, and Otheia are employees of Corizon (formerly Correctional Medical Services).

UNITED STATES DISTRICT JUDGE