# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DARREN DETERICH ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12CV1359 CEJ |
| | ) | |
| GENE STUBBLEFIELD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of defendant James W. Murphy to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has not responded, and the time allowed for doing so has expired.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging that he was stabbed by two inmates while he was confined in the St. Louis City jail. The defendants included officials at the jail and Murphy, the sheriff of the city of St. Louis. Plaintiff alleges that as sheriff, Murphy was responsible for the safety of all of the inmates at the jail and that he failed to protect plaintiff from being attacked by other inmates. The complaint contains no other allegations against Murphy.

### Standard

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, the Court must take all facts alleged in the complaint to be true and

must construe the pleadings in the light most favorable to plaintiff. Gregory v. Dillard's, 494 F.3d 694, 709 (8th Cir. 2007). The Federal Rules do not require great precision in pleadings. Id. at 710. "The simplified notice pleading standard under Fed. R. Civ. P. 8(a) requires only a statement that gives the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. (quotations omitted). However, the factual allegations in the complaint must be more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see Gregory, 494 F.3d at 710. A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

**Discussion**

Defendant Murphy asserts that he does not have any control or jurisdiction over either the day-to-day operations or policies of the city jail. Instead, such responsibility remains with the Division of Corrections for the City of St. Louis. "[T]he custody and control of the jail of the city of St. Louis . . . has been in a jailer, a person other than the sheriff." Lefman v. Schuler, 296 S.W. 808, 814 (1927). The sheriff "has had absolutely no control or jurisdiction over said jail, and during all of said period, the jailer's right to control and custody has never been questioned." Id.

It is clear that plaintiff cannot establish that Murphy had any control over the city jail. Plaintiff's allegations against Murphy are wholly conclusory and are not plausible under Twombly, Therefore, plaintiff's claims against Murphy fail to state a claim as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant James W. Murphy to dismiss [Doc. 18] is **granted**.

An order of partial dismissal will accompany this Memorandum and Order.

Dated this 22nd day of January, 2013.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE