UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DARREN DETERICH ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:12-CV-1359 (CEJ) |
| ) | |
| EUGENE STUBBLEFIELD, et al., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff to alter or amend judgment pursuant to Fed.R.Civ.P. 59(e). Defendants oppose the motion, and the issues are fully briefed.

### I. Background

On July 30, 2012, plaintiff brought this action under 42 U.S.C. § 1983, seeking compensatory damages, punitive damages, and declaratory relief against Gene Stubblefield, Charles Bryson, Dr. Susan Singer, Raecheal Handson, Joseph Ribaudo, Lelia Beathea, and Corizon Medical Group. [Doc. #1]. At all times relevant to the complaint, plaintiff was confined in the St. Louis City Justice Center (SLCJC).

Plaintiff alleged that on August 25, 2011, two inmates kicked him in the head and stabbed him in the neck and torso. Following this altercation, plaintiff was seen by Dr. Singer and nurses Handson, Ribaudo, and Beathea. Plaintiff alleged that these individuals were deliberately indifferent to his medical condition in violation of the Eighth Amendment. Plaintiff further alleged that Corizon Medical Group failed to properly train its medical staff, which resulted in negligence and failure to provide adequate medial care to plaintiff.

Plaintiff also asserted claims against Stubblefield (the Commissioner of

Corrections for the City of St. Louis) for deliberate indifference to his right to be free from violent attacks and Charles Bryson (the Director of Public Safety for the City of St. Louis) for failure to issue citations for maintenance violations at the SLCJC.

On June 28, 2013, defendants filed motions for summary judgment. [Doc. ## 27, 29]. On January 30, 2013, after careful review of the record, the Court granted defendants' motions. The Court found that Stubblefield and Bryson were entitled to qualified immunity in their individual capacities; that plaintiff failed to allege sufficient facts to support an Eighth Amendment violation claim against Bryson in his official capacity; that medical records reflected that plaintiff received proper medical treatment from Singer, Handson, Ribaudo, and Beathea; and that plaintiff failed to show that Corizon Medical group had a policy, practice, or custom of deliberate indifference to serious medical needs of persons similar to plaintiff. [Doc. #56].

On March 14, 2014, plaintiff filed the instant motion, requesting that the Court alter or amend its January 30, 2013 order.

II. Discussion

Federal Rule of Civil Procedure 59(e) was adopted to clarify a district court's power to correct its own mistakes in the time period immediately following entry of judgment. Norman v. Arkansas Dep't of Educ., 79 F.3d 748, 750 (8th Cir. 1996) (citing White v. New Hampshire Dep't of Employ't Sec., 455 U.S. 445 (1982)). Rule 59(e) motions serve a limited function of correcting "manifest errors of law or fact[.]" Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998) (internal quotation and citations omitted). Such motions cannot be used to introduce new evidence, tender legal theories, or raise arguments which could have been offered or raised prior to entry of judgment. Id.

Plaintiff argues that this Court's order granting defendants' motions for summary judgment contains manifest errors of law and fact. However, plaintiff has not identified any specific errors for the Court to reconsider. Instead, plaintiff refers to the allegations in his complaint and to the exhibits that he previously attached to his memoranda in opposition to defendants' motions for summary judgment, in order to argue that he had submitted sufficient evidence to withstand a dismissal of his claims. See Doc. ## 41, 42].

Because rule 59(e) motions serve a limited function of correcting manifest errors of law or fact, the Court shall deny plaintiff's motion to alter or amend. Prior to issuing its January 30, 2014 decision, the Court reviewed all of plaintiff's filings in this action, which included all of the issues and facts that were presented and raised in plaintiff's petition, his memoranda in opposition to the motions for summary judgment, and all supplemental documents. After a full review of the record, the Court addressed the merits of plaintiff's arguments and plaintiff has not shown any manifest errors in that decision.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to alter or amend judgment pursuant to Fed.R.Civ.P. 59(e) [Doc. # 61] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of June, 2014.